**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2013

No. 12-50586
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-369-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roger Ramirez appeals the sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. The district court departed upwards pursuant to U.S.S.G. § 4A1.3 from the guidelines range of 77 to 96 months of imprisonment and imposed 120 months of imprisonment to run consecutively to any state sentence. Ramirez contends that the sentence imposed by the district court is an abuse of discretion and is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's decision to depart and the extent of its departure are reviewed for abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). "A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by . . . § 3553(b); and (3) are justified by the facts of the case." *United States v. Saldana*, 427 F.3d 298, 310 (5th Cir. 2005).

The district court departed upwards based on its conclusion that the sentence produced by the guidelines range did not account for the extent and nature of Ramirez's criminal history. *See* § 4A1.3(a)(1). Accounting for the extent and nature of Ramirez's criminal history advances the objectives set forth in 18 U.S.C. § 3553(a)(2), particularly affording adequate deterrence and protecting the public, and are justified by the facts of the case. *See Saldana*, 427 F.3d at 310; § 3553(a)(2)(B), (C). Ramirez had over 15 convictions spanning nearly 20 years. Six of the prior convictions were for burglary and the most recent was for murder. Ramirez had 27 criminal history points, 14 points more than needed for a criminal history category of VI. *See* Ch. 5, Pt. A (Sentencing Table). The district court also cited Ramirez's inability to accept fault for his conduct. While it is unclear from the record exactly what the district court was referring to, the district court expressly acknowledged that Ramirez had accepted responsibility in the instant case. Ramirez has not shown that the district court abused its discretion by deciding to depart upwards.

Given the nature and extent of Ramirez's criminal history and the deference owed to the district court's sentencing decision, the extent of the departure, 24 months, was not unreasonable. *See Saldana*, 427 F.3d at 312. Further, we have upheld upward departures of the same extent and greater magnitudes. *See United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007).

The consecutive sentence was authorized by statute and the Guidelines. *See* 18 U.S.C. § 3584(a); § 5G1.3(c). The district court was aware of the

2

likelihood that Ramirez would spend the rest of his life in prison if a consecutive sentence was imposed.  The district court was "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.